United States District Court
Southern District of Texas
**ENTERED**
March 31, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM H. BERRY, JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-5 |
| | § | |
| SETERUS, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION TO REMAND

Plaintiff William H. Berry, Jr. (Berry) filed this action on January 2, 2017, to prevent the foreclosure of a lien against his homestead property located at 13702 A La Entrada Calle, Corpus Christi, Nueces County, Texas.  In the Nueces County Court at Law No. One, he sued Defendant Seterus, Inc. (Seterus) (the mortgage servicer for his note), the Trustees[1] named on the Notice of Foreclosure Sale, and the Attorneys[2] who represented Seterus in its collection efforts.   He alleges causes of action for (1) negligence, (2) breach of contract, (3) breach of the covenant of good faith and fair dealing, (4) violations of the Texas Deceptive Trade Practices Act (DTPA), (5) wrongful notices of acceleration and trustee's sale, (6) violation of the Texas Fair Debt Collection Act (FDCA), (7) unreasonable debt collection, (8) negligent misrepresentation, (9) accord and satisfaction, (10) fraud, (11) gross negligence and malice, and (12) breach of fiduciary duty.  Berry seeks declaratory and injunctive relief, in addition to an accounting

---

[1]  Defendants, Vicki Hammonds, Leslye Evans, Arnold Mendoza, W.D. Larew, Michael W. Zientz, and AVT Title Services, LLC (AVT).

[2]  Law Firm of Mackie Wolf Zientz & Mann, P.C., Brandon Wolf, L. Keller Mackie, Lori Liane Long, Tracey Midkiff, and Joseph Modric.

and actual and punitive damages, attorney's fees and pre-and post-judgment interest. D.E. 1-1.  He also alleges certain affirmative defenses to an anticipated counterclaim to collect on his note.

On January 4, 2017, the County Court issued a temporary restraining order enjoining the planned foreclosure sale.  D.E. 1-1.  Thereafter, on January 10, 2017, Defendant Seterus removed the case to this Court pursuant to diversity jurisdiction, 28 U.S.C. § 1332.  Seterus asserts that the amount in controversy exceeds $75,000.  It further asserts that its citizenship is diverse from that of Berry.  It disregards the admittedly non-diverse citizenship of all of the other Defendants, arguing that they are improperly joined.  More specifically, Seterus contends that the Trustees and Attorneys are merely agents of Seterus whose citizenship is disregarded and/or they should be dismissed from this case based upon immunity from liability for work done on behalf of their principal.

Before the Court is Berry's Motion to Remand (D.E. 16).  He challenges this Court's diversity jurisdiction on the basis of both the amount in controversy and the argument that the Trustees and Attorneys are improperly joined.  The Court agrees with Seterus that the non-diverse parties are improperly joined and that the amount in controversy is sufficient to sustain diversity jurisdiction.  For the reasons set out below, the Court DENIES the motion to remand.

**DISCUSSION**

**A.  Standard of Review.**

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* The strict construction rule arises because of "significant federalism concerns." *See generally, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc).   The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court.  *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).  Only the second method is at issue here.   The motion to remand must be granted unless "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

**B.  Amount in Controversy.**

Berry contends that the amount in controversy is less than $75,000 because the amount Seterus demanded to pay off the balance owed on the note secured by his

residence is only $47,127.40.  That is the amount he is fighting in this lawsuit.  He allows that his allegations could, at most, involve $55,294.69, if certain escrow funds in dispute were added to the principal amount due.  D.E. 16, pp. 10-11.  Berry challenges any attempt to use his denial of owing the original principal amount of the note ($183,250) as the amount in controversy because his allegations state that he has paid down the note and he clearly is fighting a lesser amount.

Berry's arguments disregard the two actual amount-in-controversy arguments made in Seterus's removal, echoed in its response to the motion to remand:  (1) that Berry's request for declaratory or injunctive relief, affecting Seterus's right to foreclose, places the entire value of the property in controversy, which value greatly exceeds $75,000; and (2) that Berry's request for actual damages, together with additional, exemplary, or punitive damages and attorney's fees reasonably exceeds $75,000 on the face of the petition.  The Court agrees with Seterus.

In his state court petition, Berry explains that he purchased the property in 1991, has made monthly payments toward principal and interest since that date, and made extensive improvements to the property, such that he refinanced his mortgage debt in 2003 in the total amount of $183,250.  The land alone, he alleges, has a tax appraisal value of $140,000.  D.E. 1-1, p. 13.  Seterus has offered evidence that the property is worth $250,000:  $140,000 for the land and $110,000 for the improvements.  D.E. 1-1, p. 108.  "'In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'"  *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State*

*Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) and applying the holding to a foreclosure action).  Here, Berry's admission that the value of the property is $140,000 satisfies the $75,000 threshold.

Berry also seeks extensive damages which include actual and exemplary damages, under at least 12 causes of action that include fraud, gross negligence, DTPA, and FDCA claims.  He prays for his pecuniary losses, mental anguish, his time and expense addressing this matter in the past and future, and attorney's fees.  The number and kind of theories alleged make this case an expensive one to prosecute in terms of attorney's fees. At no time has Berry suggested that he seeks less than $75,000 when all of his categories of damages are aggregated.  Thus, it is not a stretch to interpret these damages as totaling more than $75,000, exclusive of interest and costs, on the face of his complaint.  *E.g., St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (attorney's fees and punitive damages are included in the amount in controversy calculation).

Seterus has satisfied the amount in controversy requirement of diversity jurisdiction to support its removal of the case to this Court.

**C. Diversity of Citizenship and Improper Joinder.**

Berry's complaints, as detailed in the factual portion of his state court petition, focus on the lender's and servicer's acts:  unauthorized force-placed insurance, duplicate payment of property taxes, maintenance of an unauthorized escrow account, improper administration of the escrow account, incorrectly addressing notices to him, assessment of inapplicable fees and penalties, improper application of payments, refusal to provide an accounting, and the unlawful acceleration of the indebtedness, resulting in the notice

of foreclosure.  All of the conduct complained of has to do with the lender-borrower relationship and the terms of the note and deed of trust.

Berry named the Trustees and Attorneys under the "Parties" section of his complaint.  However, the subsequent allegations are made against Seterus or "Defendants," without identifying any wrongful acts of any particular Trustee or Attorney other than that they as a group worked on behalf of Seterus in collecting the alleged indebtedness against Berry.  Seterus complained of this pleading defect (failing to state a claim upon which relief could be granted) in the notice of removal, reciting the federal fact pleading standards.  D.E. 1, ¶ 10 (citing *Iqbal v. Ashcroft*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Berry has failed to cure his pleading defects or identify additional facts that might support his claims in connection with his motion for remand.  Instead, he repeats the conclusory and formulaic allegations of his complaint.  Thus there is no indication that any particular Trustee or Attorney Defendant engaged in any specific wrongful conduct. This failure applies with respect to all legal theories under Federal Rule of Civil Procedure 8.  But it is particularly acute with respect to fraud allegations, governed by Rule 9(b).  "'At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'  Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elecs., Inc. v. J.M. Huber Corp*., 343 F.3d 719, 724 (5th Cir.), *opinion modified on other grounds on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003).

- Because Berry fails to provide any factual basis for his claims against the Trustees and Attorneys, he has failed to meet the *Twombly/Iqbal* pleading standard as to any of his claims, most particularly those regarding fraud, malice, and misrepresentation.

- Because he complains of the Attorneys as adversaries trying to collect a debt against him, he has identified no factual basis for a relationship— certainly no relationship of trust or confidence—to support any negligence or breach of fiduciary duty theory. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (elements of negligence); *Priddy v. Rawson*, 282 S.W.3d 588, 599 (Tex. App.— Houston [14th Dist.] 2009, pet. denied) (relationship as element of breach of fiduciary duty theory).

- Because the lien against the property has not been foreclosed, none of Berry's complaints state a claim against the Trustees.

  > Although a trustee under a deed of trust owes neither a fiduciary duty nor a duty of good faith and fair dealing to the mortgagor, the trustee does have "a duty to 'act with absolute impartiality and fairness to the grantor in performing the powers vested in him by the deed of trust.'" This duty is breached when the trustee fails to comply strictly with the terms of the deed of trust or the notice and sale provisions of § 51.002 of the Texas Property Code. Breach of the trustee's duty under a deed of trust is not itself an independent tort. Instead, "breach of this duty may be stated under Texas law as a claim for wrongful foreclosure." A claim for wrongful foreclosure requires that the property in question be sold at a foreclosure sale.

*Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011) (citations omitted) (applying Texas law).

- Because Berry has failed to set out any specific factual reliance on any alleged misrepresentation, he has not stated a claim for negligent misrepresentation. *E.g., McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999).

- Because he has not alleged facts to show that the Trustees or Attorneys had actual, subjective awareness of an extreme degree of risk or a specific intent to cause harm to Berry, he has not stated a claim for gross negligence or malice to support exemplary damages. Tex. Civ. Prac. & Rem. Code §§ 41.001, 41.003.

- Because he has not supplied any factual allegation of any agreement with the Trustees or Attorneys, he has not laid the foundation for a breach of contract, breach of the covenant of good faith and fair dealing, wrongful act in accelerating the note or noticing the property for foreclosure, or accord and satisfaction theory. *E.g., Davis v. Texas Farm Bureau Ins.*, 470 S.W.3d 97, 104 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (breach of contract theory requires a contract); *Solar Applications Eng'g v. T.A. Oper. Corp.*, 327 S.W.3d 104, 108 (Tex. 2010) (breach of covenant requires an agreement); *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 863 (Tex. 2000) (accord and satisfaction requires an agreement).

- Because he has not alleged facts to show that he sought goods or services from the Trustees or Attorneys, he has not pled that he is a consumer entitled to DTPA protections. *Doe v. Boys Clubs*, 907 S.W.2d 472, 478 (Tex. 1995).

- Because he complains only of the ordinary demands and notices[3] associated with debt collection and foreclosure and does not factually address any specific Trustee or Attorney's wrongful conduct, he has not sufficiently pled a violation of the FDCA or an unreasonable debt collection practice. Tex. Fin. Code § 392.001, et seq.

Berry has failed to demonstrate a plausible claim against the Trustees and Attorneys both generally, with respect to pleading claims and specifically, with respect to at least one element of each liability theory. His claims for declaratory and injunctive relief address only remedies without underlying theories of liability. *See generally, Proctor v. Andrews*, 972 S.W.2d 729, 734 (Tex. 1998) (addressing a constitutional claim as providing standing to seek declaratory relief); *Butnaru v. Ford Motor Co*., 84 S.W.3d 198, 204 (Tex. 2002) (temporary injunctive relief requires showing an underlying cause of action); *Frey v. DeCordova Bend Estates Owners Ass'n*, 632 S.W.2d 877, 881 (Tex. App. 1982) (permanent injunction requires proof of wrongful act), *aff'd*, 647 S.W.2d 246 (Tex. 1983).

---

[3]   Under the Texas Fair Debt Collection Practices Act, the conduct prohibited must rise to the level of threats or coercion, harassment or abuse, unfair or unconscionable means, or fraudulent, deceptive, or misleading representations as to the debt collector's identity, the lender's identity, the collector's credentials, the amount of debt claimed by the lender and the like. *See* Tex. Fin. Code § 392.001, et seq.

Seterus has satisfied its burden to show that Berry has not alleged a claim upon which relief may be granted against any of the Trustees or Attorneys.  They are thus improperly joined.

## CONCLUSION

For the reasons set out above, the Court holds that Defendants Vicki Hammonds; Leslye Evans; Arnold Mendoza; W.D. Larew; Michael W. Zientz; AVT Title Services, LLC; the Law Firm of Mackie Wolf Zientz & Mann, P.C.; Brandon Wolf; L. Keller Mackie; Lori Liane Long; Tracey Midkiff; and Joseph Modric are improperly joined because Plaintiff has failed to state a claim against them upon which relief may be granted.  The Court ORDERS that all claims against these Defendants are DISMISSED and the motions to dismiss (D.E. 10 and 13) are terminated as moot.  Plaintiff's motion to remand (D.E. 16) is DENIED.

ORDERED this 31st day of March, 2017.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE